Michael L. Doyle, et al., Respondents, *v.* George H. Sharpe, Appellant.

The provision of the bankrupt act (U. S. R. S., § 5023), authorizing the issuing of a warrant to the marshal, commanding him "forthwith to take possesion provisionally of all the property and effects of the debtor," etc., relates only to property belonging to and in the possession of the debtor, and over which he has control; it does not authorize the marshal to take under his warrant property in the possession of another who claims title thereto, and in regard to the ownership of which a serious dispute exists; and this, although it may be claimed that the property has been transferred by the debtor and came into the possession of the claimant in violation of some provisions of the act.

*It seems*, that the proper legal mode of determining such a controversy is by an action brought by the assignee in bankruptcy.

(Argued May 29, 1878; decided June 18, 1878.)

Appeal from judgment of the General Term of the Supreme Court of the city of New York, affirming a judgment in favor of plaintiff, entered upon a verdict.

This action was brought for the alleged conversion of certain goods.

The defense was that the goods were taken by defendant, a United States marshal, under a provisional warrant issued in bankruptcy proceedings against Lagrave & Otis, who originally were the owners of the goods.

Lagrave's shipping clerk and salesman were authorized by

---

* *Ante, p.* 68.

him to dispose of the goods and pay themselves out of the proceeds. They sold the goods to one Landers, and transferred to him the bill of lading at nine o'clock in the morning of the 30th of May, 1872. A petition in bankruptcy to have Lagrave & Otis declared bankrupts was filed at eleven o'clock in the morning of the same day. In the month of June following Landers sold the goods in question to the plaintiffs.

Upon a provisional warrant issued in the bankruptcy proceedings on the nineteenth of June, the defendant seized and sold the goods.

The court submitted to the jury two questions:

Whether the plaintiffs made a *bona fide* purchase of the goods; charging that if the purchase was a sham the verdict would be for the defendant; and whether he had the goods in his possession for his own interest.

Various requests to charge were made which are set forth substantially in the opinion.

*D. M. Porter,* for appellant. The marshal had a right to take possession of all the property and effects of the bankrupt, wheresoever and in whosesoever hands it might be found. (*Case of Briggs*, 3 B. R., 638; *Stevenson* v. *McLaren*, 14 id., 403; *Weld* v. *O'Brien*, 2 Otto, 81.)

*Wm. H. Arnoux,* for respondents. The marshal could only seize property belonging to and in the possession of the bankrupt. (*Smith* v. *Mason*, 14 Wall., 419; *In re Marter*, 12 N. B. R., 188; *Marshall* v. *Knox*, 16 Wall., 551; *Barker* v. *Smith*, 12 N. B. R., 479; *Leighton* v. *Harwood*, id., 360; *Hathaway* v. *Brown*, 18 Minn., 414; *In re Harthill*, 4 Benedict, 448; *In re Holland, Jr.*, 12 N. B. R., 403.) A creditor cannot proceed to set aside a conveyance of real estate, either really or constructively fraudulent, unless he has a lien thereon, or has reduced his claim to judgment, and the fraudulent conveyance is an obstacle to a sale on execution. (*Thurber* v. *Blanck*, 50 N. Y., 30; *Day* v. *Washburn*, 23

How. [U. S.], 309; *Jones* v. *Green*, 1 Wall., 330; *Colman* v. *Crocker*, 1 Ves. Jr., 160; *Brinckerhoof* v. *Brown*, 4 Johns. Chy., 671; *Rinchey* v. *Stryker*, 28 N. Y., 45; S. C., 2d App., 31 id., 140; *Hall* v. *Stryker*, 27 id., 596; *Lynch* v. *Crary*, 52 id., 181; *Baker* v. *Smith*, 12 N. B. R., 479; *Marsh* v. *Armstrong*, 11 id., 125.)

MILLER, J.  The sale of the goods to the plaintiffs' assignor, Landers, was complete, and the transfer of the same was made before the proceedings in bankruptcy were instituted against Lagrave & Co.  The plaintiffs agreed to pay the full value of the goods, as the verdict of the jury shows.  They were apparently purchased in the ordinary course of business, by the giving of a note on time, which was paid at maturity, and possession of the same was taken and the sale fully completed when they were seized by the defendant.  The question whether the plaintiffs were *bona fide* purchasers, for a valuable consideration, and had possession upon their own account and for themselves, was one for the jury, and we are unable to see that it was improperly submitted to their consideration on the trial, by the judge in his charge.  As they found for the plaintiffs, their verdict is not the subject of review upon this appeal.

The principal question for our determination relates to the right of the defendant, as United States marshal, to seize and take the goods in question from the plaintiffs, who were in possession and claimed to be owners of the same.  The fortieth section of the United States bankrupt act, being section 5023 of the United States Revised Statutes, provides that a warrant may issue commanding the marshal "forthwith to take possession provisionally of all the property and effects of the debtor, and safely keep the same until the further order of the court."  The warrant issued to the defendant contained a provision of this kind, in accordance with the statute.

The provision cited evidently relates to property which belongs to the judgment debtor and such as is in his posses-

sion and over which he exercises control; and we think it cannot be extended in its operation so as to embrace property belonging to or in the possession of another person, which such person claims to own, or in regard to the ownership of which a serious dispute exists. Even although it may be said that such property has been transferred in violation of some provisions of the bankrupt act, and that the transfer is void for that reason, the marshal has not necessarily the power under the statute cited to assume to seize the property, and thus to settle the question in dispute according to his own judgment. Such authority would vest in that officer a power of a dangerous character, which might be arbitrarily exercised to the detriment of persons who had possession and claimed to own the property, and great wrong and injustice done thereby. The proper legal mode of determining such a controversy should be in an action brought by the assignee in bankruptcy before a competent tribunal, where the subject could be fully investigated, and the rights of the parties disposed of by means of the usual and orderly proceedings of a court of justice. That such is the true course is fully supported by authority. (*In re Harthill*, 4 Bene., 448.) The marshal took possession of certain property conveyed by the bankrupt to another person. An application was made to the court to have it restored to such person and a reference ordered to take proof as to the validity and *bona fides* of the purchase made from the bankrupt. On a motion for an order directing that the proceeds of the property be delivered to such purchaser, Blatchford, J., held, that irrespective of any determination of the question of fact as to the validity and *bona fides* of the purchase, the warrant which commanded the marshal to take possession of the property conveyed by the bankrupt transcended the power conferred by the fortieth section of the act, and should have stopped with commanding him to take possession of the property of the owner; and that the petitioner was entitled to relief, leaving the assignee to take such affirmative proceedings against him as he might deem proper. It is said that "such proceedings must be taken

by a pleading, making proper averments, and calling for an answer, on which an issue raised can be tried, leading to a determination which the aggrieved party can have reviewed."

*In re George B. Holland, jr.* (12 N. B. R., 403, U. S. Dist. Court of Texas), where goods had been seized by the marshal which had been purchased and conveyed to the petitioner two months previously by the bankrupt, and the question was of the *bona fides* of the sale and whether the transfer was in fraud of the rights of creditors, it was held that this could only be determined by a proper judicial tribunal, and that the fortieth section conferred no authority upon the court to order the seizure of property or effects, except such as *belong to, and are in possession of, the debtor;* and that no authority was conferred for ordering the seizure of property from the possession of a person to whom the debtor had transferred it prior to the filing of the creditor's petition. In the cases cited the court had directed the seizure, which renders them far stronger than when the marshal is merely acting according to and under the provisions of the act, without any special directions. See, also, *Wilkins* v. *Eaton* (16 Minn. R., 426).

We have been referred to some cases which are apparently in conflict with the rule laid down in the cases cited. See *Case of Briggs* (3 B. R., 638), decided in the eastern district of the State of Michigan ; *Stevenson* v. *McLaren* (14 id., 403), decided in the State of Minnesota. But we think the cases first cited enunciate the correct rule and should be followed ; and that it is more consistent with the purposes of the bankrupt act and the due administration of the law to compel the assignee, who has full and ample powers for that purpose, to pursue a remedy by action for property which has been transferred in violation of the bankrupt act, in the courts, than to vest absolute authority and discretion in an executive officer to seize such property under such a claim. No one can be injured by a rule of this kind ; while on the other hand, great wrongs might be

committed under color of law. Cases might perhaps arise where the claim of a third person might be so destitute of any foundation or pretence which would justify such a seizure; but under ordinary circumstances, and especially such as are developed in the case at bar, we think that the defendant had no authority and was liable.

In arriving at this conclusion we have not failed to bear in mind those provisions of the bankrupt act which are aimed directly against transfers of property in violation of its object and intent, which are declared to be absolutely void under the statutes of the United States, and the authorities cited which relate to that question. That the sale or transfer is fraudulent and void under the act furnishes no sufficient reason for seizing the property in the actual possession of another, who *prima facie* has a lawful title.

In support of the principle laid down, numerous decisions in bankrupt cases hold that in cases where the assignee in bankruptcy claims a fund as the property of the bankrupt, which, some time before the bankruptcy, was transferred to a third person, who claims to hold adversely to the assignee, the proceedings in the district court should not be summary, by petition and an order to show cause, but should be formal, by an action at law or a suit in equity. (*Smith* v. *Mason*, 14 Wal., 419; *In re Mater*, 12 N. B. R., 188; *Barker* v. *Smith*, id., 479; *Leighton* v. *Harwood*, id., 860; *Marshall* v. *Knox*, 16 Wal., 551; *Hathaway* v. *Brown*, 18 Minn., 414.) If the views expressed are sound then the question as to the right of the plaintiffs was for the jury, and the judge committed no error in charging them that if Doyle, as a matter of fact, was in possession of the goods, claiming them as owner himself, that the plaintiffs were entitled to recover their value. The charge thus made presented the true construction to be put upon the statute and was entirely correct.

The refusal to charge that if the whole plan was to procure the goods of Lagrave & Co. to have them applied on the debt due by that firm to Claflin & Co., the plaintiffs

were not entitled to recover, was not erroneous. It was fully covered by that portion of the charge in which the judge submitted to the jury the question whether the transaction was a sham or a real one, and might have been properly refused for that reason. But if the charge of the judge, as already stated, was correct, it covered the whole case, and the request made was immaterial, and might very properly have been refused for that reason.

So also the request to charge that the testimony of the plaintiff that he purchased the goods and paid for them was not conclusive, but must be considered with all the other facts proven in the case, and particularly with his knowledge of the facts, was substantially covered by the charge as made. After discussing the question as to the knowledge of Doyle of any purpose of Lagrave and of Landers to take the goods out of the way, to prevent their getting into the hands of the creditors of Lagrave & Co. or of the marshal, the judge did charge that whether he knew it or not, if, as a matter of fact, he assumed to buy these goods, acting for himself and not for the interest of another, taking them into his possession and paying the money for himself and not for some unknown or hidden purpose, then he was entitled to recover. This was clearly right, within the principle which has been discussed, and can be upheld.

The questions we have examined dispose of the case and must lead to an affirmance of the judgment.

All concur.

Judgment affirmed.