Dederick agt. Fisk.

## SUPREME COURT.

JANE S. DEDERICK agt. OLIVER FISK, United States marshal.

*Jurisdiction — State and federal courts — when action in state court will be stayed pending an appeal to United States supreme court.*

Where an action was brought against defendant, a United States marshal, for the alleged conversion of certain goods, and after the plaintiff had given the proof necessary to make out a *prima facie* cause of action the case of the defendant was stated and opened, the defense being that the goods for which the plaintiff sought to recover were really the property of D. & S., a mercantile firm; that proceedings in bankruptcy had been instituted against such firm and a warrant had been duly issued out of a United States district court to the defendant, as a United States marshal, which commanded him to take the property of said firm, and by virtue thereof he had taken the property in question; evidence which consisted in part of proof tending to show that the alleged sale of the goods to the plaintiff was fraudulent and void as to the creditors of the bankrupt firm was objected to upon the ground that a United States marshal, with a warrant such as that held by the defendant, was in no position to attack a sale on the ground of fraud, as under the bankrupt law he could only take property of the bankrupt in his possession, the title to which was undisputed, citing the case of *Doyle* agt. *Sharpe* (74 *N. Y.*, 154), on the faith of which the objection was sustained, the evidence excluded and the defendant was allowed to withdraw a juror on payment of costs and to amend his pleadings; the defendant now moves to stay the trial of this cause pending a decision upon an appeal which has been taken to the supreme court of the United States in the case of *Doyle* agt. *Sharpe :*

*Held,* that, as *Doyle* agt. *Sharpe* has been treated as one foreclosing all defense to this action, and as the appeal in that case presents a grave question which may be decisive of the present action, the appeal being now pending in the United States supreme court, the decision of which tribunal must control, this action will be stayed to await the decision on such appeal.

*Special Term, August,* 1879.

MOTION by defendant to stay the trial of this action pending an appeal in *Doyle* agt. *Sharpe* (74 *N. Y.*, 154), to the supreme court of the United States.

*C. Whittaker,* for defendant and motion.

*F. L. Westbrook,* for plaintiff and opposed.

WESTBROOK, *J.*—At a circuit court held in and for the county of Ulster, in April, 1879, the trial of this cause was commenced. After the plaintiff had given the proof necessary to make out a *prima facie* cause of action, the case of the defendant was stated and opened. The defense was that the goods for which the plaintiff sought to recover were really the property of Dederick & Saulspaugh, a mercantile firm doing business in Saugerties, Ulster county. That proceedings in bankruptcy had been instituted against such firm, and a warrant had been duly issued out of the district court of the United States for the southern district of New York, and delivered to the defendant as a United States marshal, which commanded him to take the property of said firm, and by virtue thereof he had taken the property in question.

When the defendant's counsel were about to call witnesses to establish their defense, which consisted in part of proof tending to show that the alleged sale of the goods to the plaintiff was fraudulent and void as to the creditors of the bankrupt firm of Dederick & Saulspaugh aforesaid, such evidence was objected to by the counsel for the plaintiff, upon the ground, that a United States marshal, with a warrant such as that held by the defendant, was in no position to attack a sale on the ground of fraud, as under the bankrupt law he could only take property of the bankrupt in his possession, the title to which was undisputed. The case of *Doyle and others* agt. *Sharpe (now reported in* 74 *N. Y.,* 154), was cited from an abstract in the Weekly Digest in support of the objection. On the faith of that report the objection was sustained and the evidence excluded, the defendant being allowed to withdraw a juror on payment of costs of the circuit, and to amend his pleadings upon terms as then directed.

The defendant now moves to stay the trial of this cause, in

Dederick agt. Fisk.

the state courts, pending a decision upon an appeal which has been taken to the supreme court of the United States, in the case of *Doyle* agt. *Sharpe*, and which, it is claimed, will there be soon determined.

If the decision, which the plaintiff obtained at the Ulster circuit, was right, very clearly the motion ought to be granted.

The defendant, relying upon several decisions in the federal courts, had seized the property in question in behalf of creditors of a bankrupt firm, intending to litigate the *bona fides* of the plaintiff's title. If the state courts have held that a marshal holding such a warrant as the defendant held was in no position to raise the question of fraud, or to dispute the title of the claimant, it would seem that justice requires when a cause is now pending on appeal to the federal court, which will present that question, to stay an action pending in the state court. This would be just to all parties; to the defendant, because he ought not to be barred from his defense, if he has one, and to the plaintiff, also, who would thus be saved from a heavy expenditure, if the law as maintained in the state courts is reversed.

On the present motion, however, it is now maintained by the plaintiff's counsel (it is not the same counsel who appeared for the plaintiff at the circuit) that the court held wrong at the circuit, and, as the reported case in 74 *N. Y.* shows, the court of appeals never decided that the question of fraud could not be litigated by a marshal seizing property as the defendant has seized it. A careful reading of the full report of *Doyle, and others,* agt. *Sharpe* induces me to believe that he is right in his view. The question of fraud was litigated upon that trial (*see page* 155), and the submission thereof to the jury was approved. The judge, on page 156, says: "The question whether the plaintiffs were *bona fide* purchasers, for a valuable consideration, and had possession on their own account, and for themselves, was one for the jury, and we are unable to see that it was improperly submitted to their consideration on the trial, by the judge in his charge. As they

found for the plaintiff, their verdict is not the subject of review upon this appeal." And again, on page 159, he says: "If the views expressed are sound, then, the question as to the right of the plaintiffs was for the jury, and the judge committed no error in charging them that if Doyle, as a matter of fact, was in possession of the goods, claiming them as owner himself, that the plaintiffs were entitled to recover their value. The charge thus made presented the true construction to be put upon the statute and was entirely correct." It would seem from the opinion, construed by the light of these express declarations, that it had been claimed by the defendant, that as the warrant commanded him "forthwith to take possession, provisionally, of all the property and effects of the debtor, and safely keep the same until the further order of the court," he was absolutely protected in such seizure and that it was for the bankrupt court to adjudicate disputed questions of ownership. This proposition is probably the one which the learned judge combats, though the language separated from the rulings at the circuit, and from the expressed approval of the submission of the question of fraud to the jury, would seem to warrant the position taken by plaintiff's counsel at the circuit, and urged by the defendant on this motion, and also to justify the syllabus of the reporter to the case, as reported in 74 N. Y., which syllabus certainly justifies the objection and the ruling at the circuit.

It matters not much, however, which view of the scope of the decision of the court of appeals is sound. It hardly rests with the plaintiff to now repudiate the soundness of a decision obtained in her behalf, and to defeat a motion made on the faith thereof. If the view taken at the circuit and based upon an imperfect report of a decision was wrong, and that case only decides what is herein stated, it is still obvious that a most important point remains to be settled by the federal court. The object and policy of the bankrupt law, as has frequently been urged, were to vest all questions concerning the estate of the bankrupt, and its distribution in the tribunal

Dederick agt. Fisk.

having jurisdiction of such proceedings by that act. If this be otherwise then state courts may decide what estate a bankrupt has for the federal courts to distribute, and thus really deprive them of their power to administer upon the assets, or by a claim of equal power to determine of what the estate consists, produce confusion by a collision of jurisdiction. We do not undertake to say where the power to decide conflicting claims of ownership of property arising upon the distribution of a bankrupt's estate should be lodged, whether in the state or national courts, or in either. Neither do we now decide whether, under the law as it existed, and irrespective of the decision of the court of appeals in *Doyle* agt. *Sharpe*, the bankrupt court alone had power to decide what property belonged to the estate it was invoked to distribute, or whether the state courts might or might not legally decide the same question; but we do say, however, that looking at the objects and purposes of the bankrupt act, and the provisions of the warrant issued by the district court of the United States in bankruptcy, that the marshal shall take possession of the property "provisionally * * * and safely keep the same until the further order of the court;" that a grave question is presented whether the marshal is not absolutely protected in so doing, and that a case which presents such a question to the federal court submits a proposition worthy of grave attention.

As the case of *Doyle and others* agt. *Sharpe*, has been treated as one foreclosing all defense to this action, and as the court can see that the appeal in that case does present a grave question which may be decisive of the present action, and that such appeal is now pending in the supreme court of the United States, the decision of which tribunal must control, this action will be stayed until the first day of January next, to await the decision on such appeal. If the cause is not then determined, the defendant may apply for a further order. If the appeal is not prosecuted to a speedy hearing the plaintiff may apply for relief. The defendant must also stipulate to

take evidence of plaintiff or of any witness whose testimony she desires to perpetuate. Ten dollars costs of motion shall abide result of the action.