By the Court.— Sedgwick, Ch. J.
Section 5128 of the bankruptcy act declares that the therein specified unlawful preferences shall be void and the assignee may recover property obtained by the preference or the value of it, from the person receiving it. .
The next section, 5129, declares that any payment or transfer, made to violate the bankruptcy act or to evade any of its provisions, shall be void and the assignee may recover the property or the value thereof as assets of the bankrupt. The formal operation of these sections, by which the transfer from the bankrupt is avoided, at least on the election of the assignee, leaves the property transferred in the bankrupt, and the property would therefore pass to the assignee by virtue of the assignment to him, as well as by the specific intent of the two sections.
And section 5046 declares, that all property conveyed by the bankrupt in fraud of his creditors shall in virtue of the adjudication of bankruptcy and the appointment of his assignee at once vest in such assignee.
Upon the defendant proving that he was duly appointed assignee in bankruptcy of Bray, and further showing that the property was transferred by Bray to the plaintiff, in fraud of creditors or on preference, or in violation of a provision of the bankruptcy act, it would result that title to the property here referred to at the time it was taken from the plaintiff by the defendant was in the defendant and not in the plaintiff. Plaintiff could not rightfully recover the value of such part of the property as he unlawfully received from Bray, the bankrupt (Sharpe v. Doyle, 102 U. S. *428 [12 Otto] 686; reverting Doyle v. Sharpe, 74 N. Y. 154).
The case cited is important on this point. The plaintiff below had sued the defendant for trespass, in taking his property. The defendant pleaded that he was United States marshal, and as such, by virtue of a warrant duly issued to him in bankruptcy proceedings, against certain involuntary bankrupts, had taken possession of the property, and that the property had been theretofore transferred to the plaintiff by the bankrupts in fraud of the bankrupt law.
The warrant was such as is provided by section 5024, viz. : “if it shall appear that there is probable cause for believing that the debtor is about to leave the district or to remove or conceal his goods and chattels or his evidence of property, or to make any fraudulent conveyance or disposition thereof, the court may issue a warrant to the marshal of the district, commanding him to arrest, &c., the debtor, and forthwith to take possession* provisionally of. all the property and effects of the debtor, and safely keep the same until further order of the court.” The question was, whether it was the intent of the act, that the warrant issued under the special circumstances, should take any property that had already gone from the possession of the bankrupts into the possession of third person, even through a fraudulent transfer. The justice delivering the opinion of the court, said the decision depended upon the authority conferred on the marshal by the provisional warrant of seizure. It was held that the marshal might, by the proper construction of the act, take property that had been transferred by the bankrupt in fraud of the' bankruptcy act, and in an action against him might prove that the plaintiff was not the lawful owner of the property by showing that it had been so transferred.
The opinion says the marshal must “of course *429 prove that the plaintiffs were not the lawful owners of them. In other words, that the right of the assignee in bankruptcy, whose right he represented in that suit, was superior to that of plaintiff’s,” and elsewhere that the marshal would “ill perform that duty if he should accept the statement of every man in whose custody he found property, which he believed would belong to the assignee when appointed, as a sufficient reason for failing to take possession of it.” The opinion ends with the conclusive statement that “to hold that the plaintiffs, by reason of their bare assertion of ownership connected with possession, must recover of the marshal the value of the property, and that the assignee could then have sued the plaintiff and recovered it from them, is a mode of doing justice that does not commend itself to our judgment, even if the assignee could be sure to find a responsible defendant when they come to sue.” The reporter makes a head-note of Sharpe v. Doyle, “that the goods were subject to seizure under the warrant, if they were the property of the person against whom the proceedings in bankruptcy was taken.” The general tone of the opinion seems to recognize the theory that the marshal might show that title passed or might pass to the assignee. There is some doubt on this point however. The opinion, at one part, states that “ the case was tried by a jury, the defendant’s plea being that the goods were the property of the bankrupts.” Another part states that the defendant asserted a right to them, under the laws of the United States, on the ground that the pretended. purchase was a fraud upon the bankrupt law and passed no title ; that the ownership was by virtue of the. bankruptcy proceedings in the assignee.” If such be the power of a marshal before an assignee is appointed or it is even certain that an assignee will be appointed, a fortiori, can the assignee as defendant contest the title of property, transferred in fraud of creditors *430 or of the bankrupt act. I am, therefore, of opinion that the defendant should have been permitted to give proofs that he was assignee and that the property had been fraudulently transferred to the plaintiff.
This does not include all the property in controversy according to plaintiff’s claim, but it of course calls for a new trial.
I am of opinion, that in case the act of the marshal in taking the goods was unlawful, because there was no defect in plaintiff’s title, and the defendant, acting as assignee, merely received the goods from the marshal, bona fide, an action for them or their value would not lie, unless a demand for their return was made by the plain tiff. It would be otherwise, however, if the original taking by the marshal was at the personal instigation of the defendant.
On the new trial, it would be best not to give evidence of such acts of the marshal or his deputies, not justified by the warrant, that the testimony does not affirmatively establish were done by the aid or instigation of the defendant.
Judgment reversed, new trial ordered, with costs of appeal to appellant to abide event.
Freedman, J., concurred.